# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

PHILLIP SHACKLEFORD,

    Petitioner,

Case No. 3:04-cv-376

  -vs-

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

This is an action pursuant to 28 U.S.C. §2254 for a writ of habeas corpus. Petitioner seeks release from a twenty-three year sentence imposed on him by the Montgomery County Common Pleas Court upon his conviction for rape with a firearm specification. Petitioner pleads the following grounds for relief:

> **Ground One:** Evidence is insufficient as a matter of law to support Petitioner's sexual predator hearing of or classified sexual predator.
>
> **Supporting Facts:** State of Ohio fail to submit evidence at the hearing that would support Petitioner classified as an [sic] sexual predator pursuant to Ohio law R.C. 2950.09; 2950.01. However, State did submit a presentence investigation report and facts in evidence at trial to prove this charge, which Ohio law does not require such prove [sic]. State violated Petitioner's due process rights to find him an [sic] sexual predator. Amendment (14).
>
> **Ground Two:** Petitioner was represented by ineffective assistance of trial counsel.
>
> **Supporting Facts:** Counsel fail to call defense witness to trial and

> counsel fail to request a bill of particulars. Trial counsel fail to request an in camera review of the grand jury transcripts after the direct examination of prosecution witness.
>
> **Ground Three:** Evidence admitted at trial is insufficient to support charge offense beyond a reasonable doubt in violation of Amendment (14).
>
> **Supporting Facts:** Pursuant to Ohio R.C. 2907.01, .02, the State is required to prove each and every essential element of the charged offense as required by the Constitution. But here State submitted no evidence at trial that would prove Petitioner committed these crimes. In fact, the only evidence the State submitted was perjured testimony from a key prosecution witness to support the charged offenses. Therefore, since the State fail[ed] to prove its case trial court has no jurisdiction over the matters pursuant to R.C. 2901.11.

(Petition, Doc. No. 1, at 5-6.) Petitioner has submitted an Amended Petition which presents additional argument on these Grounds for Relief, but does not state additional grounds.

The Respondent asserts that all of these Grounds for Relief are barred by procedural default in that all of them were cognizable on direct appeal, but Petitioner failed to file a timely direct appeal to the Ohio Supreme Court from the judgment of the Court of Appeals affirming his conviction.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or

> demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F. 3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F. 3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

The procedural default analysis of *Wainright* and its progeny are fully applicable to §2255

motions.  *United States v. Frady*, 456 U.S. 152, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); *Kaufman v. United States*, 394 U.S. 217, 89 S. Ct. 1068, 22 L. Ed. 2d 227 (1969); *Ratliff v. United States*, 999 F. 2d 1023 (6th Cir. 1993).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F. 3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F. 3d 594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,*785 F. 2d, at 138.  The State relies on *Bonilla v. Hurley,* 370 F. 3d 494 (6th Cir. 2004), where the court held 45-day time limit on appeal to Ohio Supreme Court is an adequate and independent state ground.

This case is squarely controlled by *Bonilla*.  First it is clear the State of Ohio has a procedural

rule which requires an appeal from the court of appeals to be taken within forty-five days of judgment. Petitioner here does not deny the existence of the rule. He claims there is no clear proof that the rule was enforced against him, but the Ohio Supreme Court is not required to cite chapter and verse when it enforces a well-established rule requiring timely filing by denying an application to file late which, in this case, was filed nearly eight months after the time for filing expired. This Court cannot properly presume the Ohio Supreme Court did not enforce such a well-established and indeed codified rule. *See Bell v. Cone*, 543 U.S. ___ (2005).

Because all the Grounds for Relief are procedurally defaulted, the Petition and Amended Petition should be dismissed with prejudice. Because this result would not be disputed by reasonable jurists, Petitioner should be denied any requested certificate of appealability and leave to proceed *in forma pauperis* on appeal.

February 1, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).